UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTWANE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03927-TWP-TAB |
| ) | |
| STORMS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

Antwane Washington is an inmate at Westville Correctional Facility. This action is based on Mr. Washington's allegations that, in 2018, a custody officer at New Castle Correctional Facility (NCCF) attacked him, seriously injuring his hands and fingers, and then members of the custody and medical staffs refused to treat his injuries.

The medical defendants, Melody Constant and Wexford of Indiana, LLC, seek summary judgment on grounds that Mr. Washington failed to exhaust available administrative remedies before bringing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). However, the undisputed facts show that Mr. Washington is entitled to judgment as a matter of law on the exhaustion defense. Indeed, the medical defendants' motion is precluded both by the evidence and by controlling precedent. Accordingly, the Court **denies** the medical defendants' motion for summary judgment and orders them to **show cause** why the Court should not issue summary judgment in Mr. Washington's favor.

## I. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In accordance with Local Rule 56-1(f), the Court assumes that facts properly supported by the movant are admitted without controversy unless the nonmovant specifically disputes them. Likewise, the Court assumes that facts asserted by the non-movant are true so long as they are supported by admissible evidence. S.D. Ind. L.R. 56-1(f)(2).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

## II. Background

The parties place only one material factual question and one legal issue into dispute. Accordingly, the relevant factual background is brief and straightforward.

Mr. Washington alleges that he was attacked on August 23, 2018. At that time, the Indiana Department of Correction (IDOC) maintained an Offender Grievance Process (OGP). Dkt. 30-1 at 10–24. The OGP permitted inmates to seek resolutions to numerous issues, including "[a]ctions of individual staff, contractors, or volunteers" and "concerns relating to conditions of care." *Id.* at 12, § IV(A). No exception is provided for concerns relating to medical care. *Id.* at 12–13, § IV(B).

To exhaust the remedies available through the OGP, an inmate must complete four steps. *See id.* at 17–23, §§ X–XIII. The Court declines to wade into the specific requirements for completing each step. There is no dispute that Mr. Washington filed grievance materials completing all four steps. Rather, the medical defendants contend that Mr. Washington failed to satisfy the OGP because he did not identify them individually in his grievance materials.

On August 29, 2018, Mr. Washington filed a formal grievance, which stated:

> On the above 8/23/18 I Antwane Washington DOC 1798791 was housed inside RHU room 114 When I was inside my cell ofc. Turley was collecting trash from

3

> breakfast when he came to my cell and ask me do I have trash? I told him "yes" when I approach my cell cuff port ofc. Turley leaned his body weight against the cuff port causing my hands to get crush inside the cuff port he leaned his body weight against the cuff port crushing my hands for at lest 2 minutes when he observe that I was in pain and the Sgt. Hall had came he back away + then he observe that I did have trash but my hands was bleeding and swollen I was assaulted I was the nurse.

*Id.* at 41. A letter from Mr. Washington to Grievance Specialist Jennifer Smith, dated September 13, 2018, indicates that the grievance was mistakenly returned to Mr. Washington. *Id.* at 42. Mr. Washington resubmitted the grievance, and it was received September 21, 2018. *Id.* at 40–41.

Ms. Smith responded by denying the grievance on October 16, 2018. *Id.* at 32. Her response addressed both the use of force Mr. Washington alleged and his assessment by the medical staff afterward. *Id.*

Mr. Washington then filed a grievance appeal, which was received on October 25, 2018. *Id.* at 31. The appeal stated:

> My safety is at risk I was assaulted by officer Micheal Turley and he is still working around me I feel like he need to get away from me because he seriously hurt me physically and my safety is at risk literally. I've been suffering from pain in my left hand when he smash my hand in the cuff port I have not been treated for my injury(s) and Im scared of Micheal Turley he assaulted me with physical harm and he is still working around me Officer M. Turley need to be away from me and my lawyer is aware of the abuse I received and I hav'nt been treated and M. Turley has not been fired.

*Id.* at 30. The reviewing officials denied Mr. Washington's appeals without elaboration. *Id.* at 29–30.

### III. Analysis

The medical defendants seek summary judgment on grounds that Mr. Washington's grievances did not specifically identify Ms. Constant or Wexford. As they put it:

> The grievance records reflect that following the August 23, 2018 incident, Plaintiff successfully filed a formal grievance, and two appeals against Officer Turley related to the excessive force claim. The records also reflect that not a single grievance or appeal was filed related to the actions of Ms. Constant and Wexford

4

> following this incident. For an inmate like Plaintiff to properly exhaust his administrative remedies, he must follow the IDOC policy and file a formal grievance and the necessary appeals against each individual or entity specifying their alleged actions or inactions and when the incident occurred. Plaintiff did not do this as it relates to Defendants. As a result, Plaintiff did not follow the IDOC grievance policy and has failed to exhaust his administrative remedies available to him as it relates to Ms. Constant and Wexford following the August 23, 2018, incident with custody.

Dkt. 29 at 10–11 (citations omitted). This argument is problematic for three reasons.

First, it is not supported by the facts. No provision of the OGP requires that an inmate name every person or entity he might later wish to sue in his administrative grievances. The OGP places eight requirements on formal grievances, including that the grievance raise the same issue the inmate presented in attempting to informally resolve his complaint, that it relate to only one event or issue, that it explain how the situation or incident affects him, and that it suggest appropriate relief or remedy. Dkt. 30-1 at 18, § XI(A). If the grievance is deficient in one of these respects, the Grievance Specialist may reject the grievance and return it to the inmate with the defect identified. *Id.* at 19, § XI(B). Mr. Washington's formal grievance was not rejected.

The medical defendants support their argument with a citation to an affidavit by Grievance Specialist Hannah Winningham. Ms. Winningham states:

> Under the IDOC grievance policy, an offender has to specifically grieve each individual staff member or entity to which the offender has a complaint with, providing the specifics of the persons/entities actions or inactions including the date the incident occurred.

Dkt. 30-1 at 8, ¶ 46. Ms. Winningham does not refer to any provision in the OGP—and with good reason. No provision in the OGP states the requirement she describes in her affidavit. In short, the medical defendants argue that Mr. Washington failed to satisfy a requirement that does not exist.

Second, the medical defendants' argument is not supported by the law. In fact, it is contrary to rulings by the Supreme Court and the Seventh Circuit. In *Jones v. Block*, 549 U.S. 199, 218 (2007), the Supreme Court explicitly rejected an argument that the PLRA bars a prisoner from

5

bringing suit against any individual or entity not named in an administrative complaint. More specifically, it stated that failure to name a future defendant in a grievance could not support the exhaustion defense where the prison's grievance procedures did not require the prisoner to specifically name individuals or entities. *Id.* "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Id.* (quoting *Woodford*, 548 U.S. at 88). Those procedural rules "are defined not by the PLRA, but by the prison grievance process itself." *Id.* "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Id.*

Since *Jones*, the Seventh Circuit has also made clear that prisoners need not name every future defendant in administrative grievances unless that requirement is imposed by the grievance procedure itself. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (rejecting failure-to-exhaust argument for failure to name defendants in grievance because "the form provided by the prison didn't request inmates to provide the name of the person subject to the complaint"); *Glick v. Walker*, 385 F. App'x 579, 581–83 (7th Cir. 2010) ("[I]t was error to conclude that these claims were not exhausted" because the grievance procedure "clarifies that prisoners need identify names only to the extent practicable."). Black-letter law makes clear that the medical defendants cannot obtain summary judgment because Mr. Washington failed to comply with a grievance procedure that the OGP did not impose, and yet they seek summary judgment for precisely that reason.

Third, and most troubling, this Court previously rejected this argument when the medical defendants' attorneys presented it as a basis for summary judgment in a different case. *See Pugh v. Knight*, no. 1:19-cv-04224-JRS-MPB, dkt. 38 at *6–8 (S.D. Ind., July 15, 2020) ("In short, because the Grievance Process did not require Mr. Pugh to name the specific individuals

6

responsible for his alleged lack of medical care, the defendants have failed to show that he did not exhaust his available administrative remedies with respect to his claims against them.").

Litigants who file papers in federal court certify that the law supports their legal contentions and that evidence supports their factual contentions. Fed. R. Civ. P. 11(b). They certify that they have undertaken a reasonable inquiry to verify that support. *Id.* Attorneys in this jurisdiction are obligated to disclose controlling legal authority directly adverse to their litigation positions and to correct previously made statements of law and fact that they subsequently learn to be false. Ind. R. Prof'l Conduct 3.3(a). The medical defendants' argument for summary judgment relies on a false statement of fact and a statement of law contradicted by Supreme Court and Seventh Circuit precedent. Their counsel learned while the motion remained pending that their argument was factually and legally foreclosed but nevertheless failed to withdraw the motion or otherwise correct the false statements. The Court expects greater fidelity to these duties as this case and others move forward.[1]

### IV. Conclusion and Further Proceedings

"Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). For the reasons discussed in Part III above, the medical defendants have not established that Mr. Washington failed to exhaust administrative remedies that were available through the OGP. Their motion for summary judgment, dkt. [28], is therefore **denied**.

---

[1] This course of action carried significant costs. Obviously, the Court must expend resources to resolve any motion. Additionally, this action has remained on hold since late March while the medical defendants developed and asserted their exhaustion defense. *See* dkt. 22. In other words, the medical defendants' pursuit of summary judgment has delayed resolution of this action by approximately five months.

In fact, the evidence shows that Mr. Washington exhausted the OGP. Accordingly, the Court notifies the medical defendants that it intends to grant summary judgment in Mr. Washington's favor on the exhaustion defense. The medical defendants shall have **through August 28, 2020**, to respond to the Court's proposal and either (a) show cause why summary judgment should not be entered in Mr. Washington's favor, or (b) withdraw the affirmative defense of exhaustion

**IT IS SO ORDERED.**

Date:   8/13/2020

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTWANE WASHINGTON
179879
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com