# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTWANE WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-03927-TWP-TAB |
| | ) |
| LIEUTENANT STORMS, MELODY CONSTANT, OFFICER TURLEY, WEXFORD OF INDIANA, LLC, and OFFICER HALL, | ) ) ) |
| | ) |
| Defendants. | ) |

## ENTRY ON SELECTED MATTERS

This matter is before the Court on Plaintiff Antwane Washington's (Mr. Washington") Motion for Sanctions, (Dkt. 51), and Motion to Compel, (Dkt. 84). This case surrounds Mr. Washington's allegations that while he was housed at New Castle Correctional Facility, the Defendants Melanie Constant and Wexford of Indiana LLC (the "Medical Defendants") failed to provide adequate healthcare for injuries that he sustained following an altercation with custody staff. For the reasons explained below the and Motions are **denied** and the Court issues directions for advancing the proceedings.

## I. MOTION FOR RULE 11 SANCTIONS

The Medical Defendants previously moved for summary judgment on the affirmative defense that Mr. Washington failed to exhaust administrative remedies before initiating this action. (Dkt. 28.) The Court found that both the facts and controlling law precluded the motion for summary judgment and reminded the Medical Defendants' attorneys of their obligations under Federal Rule of Civil Procedure 11(b). (Dkt. 44.) However, the Court did not sanction the Medical Defendants or their attorneys.

Mr. Washington seeks monetary sanctions against the Medical Defendants arguing that they relied on false statements of fact and law which has unnecessarily delayed this action. (Dkt. 51.) He asks the Court to sanction the Medical Defendants pursuant to Rule 11(c)(2). However, a party who moves for Rule 11 sanctions must first serve the motion on the opposing party and give the opposing party an opportunity to withdraw or correct the filing in question. Fed. R. Civ. Proc. 11(c)(2). Mr. Washington does not indicate that he served his sanctions motion on the Defendants while the summary judgment motion was pending. As a result, he forfeited his opportunity to pursue sanctions based on that motion. Accordingly, the Motion for Sanctions must be **denied**.

## II. MOTION TO COMPEL

The Court entered its pretrial schedule on August 14, 2020. (Dkt. 46.) The Court directed the Defendants to serve initial disclosures, including "[a]ny photographic, audio, or video recordings related to the plaintiff's allegations," by October 16, 2020. *Id.* at 1–2.

Mr. Washington's Motion to Compel, (Dkt. 84), asserts that Defendants Lieutenant Storms and Officer Hall (the "Correctional Defendants") either failed to preserve or refused to produce video evidence relevant to his use-of-force claims. He supports his motion with other evidence referring to relevant video. (*See* Dkt. 85-1 at 15.)

The Correctional Defendants' response states clearly that no video evidence *currently* exists. The Motion to Compel is **denied** because the evidence Mr. Washington seeks is not in the Correctional Defendants' possession, custody, or control. Fed. R. Civ. P. 34(a)(1).

Nevertheless, the Correctional Defendants do not deny that relevant video *once* existed, and they do not address the question of whether they failed to preserve such evidence. This leaves unsettled the question of whether they should be sanctioned for failing to preserve evidence.

The Correctional Defendants have not moved for summary judgment and the deadline to do so has expired. The claims against them will be resolved at trial or by settlement. After all summary judgment motions are decided, the Court will issue an order directing further proceedings to prepare for trial. If the Correctional Defendants failed to preserve video evidence, Mr. Washington may bring a separate motion for discovery sanctions after the Court has issued that order.

### III.  MEDICAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Mr. Washington shall continue to have **through Monday, June 7, 2021**, to respond to the Medical Defendants' Motion for Summary Judgment at Dkt. 80.

### IV.  CONCLUSION

For the reasons stated above, Mr. Washington's Motion for Sanctions pursuant to Rule 11 against the Medical Defendants, (Dkt. [51]), is **DENIED**. His Motion to Compel against the Correctional Defendants, (Dkt. [84]), is **DENIED**. However, as discussed in Section II above, Mr. Washington may file a motion for discovery sanctions against the Correctional Defendants at a later time. Mr. Washington shall continue to have **through Monday, June 7, 2021**, to respond to the Medical Defendants' Motion for Summary Judgment.

**SO ORDERED.**

Date:  5/10/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Antwane Washington, #179879
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com