UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANTWANE WASHINGTON,                    )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          No. 1:19-cv-03927-TWP-TAB
                                       )
STORMS, et al.                         )
                                       )
                    Defendants.        )

**ENTRY GRANTING MOTION TO APPOINT COUNSEL**

This action consists of Eighth Amendment force claims against three correctional officers and Eighth Amendment medical claims against a prison medical professional and her employer.

The correctional defendants have not moved for summary judgment, and the deadline has passed. The claims against them will be resolved by settlement or trial.

The medical defendants have moved for summary judgment. Dkt. 80. The plaintiff, Antwane Washington, responded on May 13, 2021. Dkts. 91, 92. Once the medical defendants reply, the summary judgment motion will be fully briefed and ripe for ruling.

Mr. Washington remains incarcerated, has litigated the case pro se to this point, and now asks the Court to appoint counsel. Dkt. 89. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult

decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Washington states in his motion that he has written more than fifteen attorneys about representing him, but none has responded. He has made a reasonable effort to recruit counsel on his own.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*,

503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

The procedural posture of this case simplifies the second inquiry. Mr. Washington has completed discovery and responded to the medical defendants' summary judgment motion. No further action will be required from him until the summary judgment motion is resolved. At that point, all remaining claims will be resolved by settlement or trial.

Mr. Washington's motion to appoint counsel, dkt. [89], is **granted** insofar as the Court will attempt to recruit counsel for Mr. Washington once the medical defendants' summary judgment motion is resolved. The **clerk is directed** to include a form motion for assistance with recruiting counsel with Mr. Washington's copy of this Entry. The Court will not begin its efforts to recruit counsel for Mr. Washington until he has completed and filed the form motion.

**IT IS SO ORDERED.**

Date:   5/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTWANE WASHINGTON
179879
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com